IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELIX JEROME HARRIS, <br> (TDCJ-CID #338572) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § § § § § § § § § § § § CIVIL ACTION NO. H-13-3520 |

**MEMORANDUM AND OPINION**

Petitioner, Felix Jerome Harris, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

**I.      Background**

Harris challenges a conviction for aggravated rape in the 262nd Judicial District Court of Harris County, Texas. (Cause Number 352626). On July 9, 2010, Harris filed a federal petition for a writ of habeas corpus, Civil Action Number H-10-2874, collaterally attacking his conviction for aggravated rape. On October 27, 2010, this court dismissed Harris's claims as barred by limitations.

In the instant federal petition filed on November 22, 2013, Harris challenges the same conviction for aggravated rape. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).

O:\RAO\VDG\2013\13-3520.a01.wpd

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). This court dismissed Harris's earlier federal petition, Civil Action Number 4:10-2874, as time-barred.

In *Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), the Second Circuit considered the issue of whether a dismissal as time-barred constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. That court explained:

> As with habeas petitions that are denied as procedurally barred or pursuant to *Stone*, the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

*Id.* at 61.

In *In re Flowers*, 595 F.3d 204 (5th Cir. 2009), the Fifth Circuit reasoned as follows:

> Flowers argues that he need not obtain authorization to file a second § 2254 application attacking his conviction because his first § 2254 application was dismissed as time barred. Because the claims Flowers raises in his proposed § 2254 application were or could have been raised in his first § 2254 application, which was filed in 1998 and later that year was dismissed as time-barred under section 2244(d)(1)(A) (and as to which dismissal we and the district court denied a certificate of appealability), the instant application is successive. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045-46 (5th Cir. 1989); *In re Pope*, No. 08-50957 (5th Cir. Dec. 3, 2008). *See also Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003).

*Id.* at 205.

This court lacks jurisdiction to consider Harris's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Harris's successive application, and therefore, this court lacks jurisdiction to consider Harris's habeas claims.[1]

### III. Conclusion

Harris's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Harris's litigation history, the court determines that Harris is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Harris has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Dec 10, 2013.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE